24134

In the Matter of Kenneth O. WARD, Respondent.

(448 S.E. (2d) 546)

Supreme Court

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. William K. Moore,* and *Asst. Atty. Gen. James G. Bogle,* Columbia, *for complainant.*

*John C. Thompson,* of *Thompson, Henry & Gwinn, P.A.,* Conway, *for respondent.*

Heard June 8, 1994.

Decided Aug. 15, 1994.

*Per Curiam:*

In this judicial grievance, respondent Kenneth Ward (Ward), an Horry County Magistrate, is charged with abuse of his judicial office. The Hearing Masters found that Ward was guilty of judicial misconduct and recommended a public reprimand. Upon review, the Board of Commissioners on Judicial Standards agreed with the findings of the Hearing Masters and independently recommended public reprimand. We concur and find public reprimand to be the appropriate sanction.

Ward is charged with improperly issuing arrest warrants for uttering fraudulent checks at the request of an individual (John Doe) engaged in an illegal loan operation.[1] Doe was essentially using Ward and the magistrate's office to collect on the illegal loans.

Upon loaning money, Dew required the debtor to sign a blank check as collateral, without regard to whether the check was covered at the bank. In those instances where a debtor failed to timely repay the loan, Doe would fill out the check in the amount allegedly owed and submit it to the bank. If the check was returned by the bank for insufficient funds, Doe would deliver the returned check to Ward, who would then issue a fraudulent check arrest warrant pursuant to S.C. Code Ann. § 34-11-60 (1987).

Under § 34-11-60 it is illegal to issue a check without sufficient funds in the bank. However, the code specifically excludes: (1) those checks given in payment of a *pre-existing* debt; (2) checks which were not deposited by the payee within ten days of presentment of the check; and (3) checks issued where the payee is aware that funds are insufficient to cover the check.

At a proceeding before a panel of Hearing Masters, witnesses testified that Ward improperly issued arrest warrants upon the affidavits of Doe when Ward himself knew, or should have known, that the checks were issued for pre-existing debts and were not deposited within 10 days. Moreover, at his

---

[1] Doe was loaning money at interest rates up to 200% and did not have a small loan license.

proceeding, copies of checks deposited by Doe well after 10 days of issuance, along with corresponding arrest warrants signed by Ward, were entered as exhibits. Also, evidence was presented concerning a professional relationship between Ward and Doe in which Doe paid Ward to prepare tax returns for individuals in debt to Doe.

Ward has violated: (1) Canon 1 of the Code of Judicial Conduct[2] by failing to uphold the integrity and independence of the judiciary; (2) Canon 2A by failing to avoid the appearance of impropriety in all activities; and (3) Canon 2B by misusing his judicial office to further his private activities. He is publically reprimanded.

Public reprimand.